**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LEONID LAUTMAN,**

                              **Plaintiff,**

    vs.                                                           **1:13-cv-00264**
                                                                        **(MAD/CFH)**

**THE VILLAGE OF SAUGERTIES, NEW YORK;
WILLIAM MURPHY, individually, and in his
official capacity; ROBERT YERICK, individually,
and in his official capacity as trustee and officer of
the Village of Saugerties; KELLY MYERS, individually,
and in his official capacity as Trustee and Officer of the
Village of Saugerties; VINCE BUONO, individually, and
in his official capacity as Trustee and Officer of the Village
of Saugerties; PATRICK LANDEWE, individually, and in
his official capacity as Trustee and Officer of the Village of
Saugerties; DON HACKETT, individually and in his
individual capacity as Trustee and Officer of the Village of
Saugerties; MARY FRANK, Individually, and in her
official capacity; ALEXANDER WADE, individually, and
in his official capacity; EYAL SAAD, Individually, and in
his official capacity; COUNTY OF ULSTER, NEW YORK;
PAUL VANBLARCUM, Individually, and in his official
capacity as Sheriff of Ulster County; DONALD RYAN,
Individually, and in his official capacity; LAURA
ROMANO, Individually; WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP; ALEXANDER BETKE, II,
ESQ., in his professional and personal capacity; ALISSA
YOHEY, ESQ., in her professional and personal capacity;
and PETER LAURICELLA, ESQ, in his professional and
personal capacity,**

                                **Defendants.**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**LEONID LAUTMAN**
2800 Coyle Street
#322
Brooklyn, New York 11235
Plaintiff *pro se*

| | |
|---|---|
| **DRAKE, LOEB LAW FIRM**<br>555 Hudson Valley Avenue - Suite 100<br>New Windsor, New York 12553<br>Attorneys for Defendants<br>The Village of Saugerties; William<br>Murphy; Robert Yerick; Kelly Myers;<br>Vince Buono; Patrick Landewe; Don<br>Hackett; Mary Frank; Alexander Wade;<br>and Eyal Saad | ADAM L. RODD, ESQ.<br>RALPH L. PUGLIELLE, JR., ESQ. |
| **COOK, TUCKER LAW FIRM**<br>85 Main Street<br>P.O. Box 3939<br>Kingston, New York 12401<br>Attorneys for Defendants<br>County of Ulster; Paul VanBlarcum;<br>Donald Ryan; and Laura Romano | MICHAEL T. COOK, ESQ. |
| **WILSON ELSER MOSKOWITZ**<br>**EDELMAN & DICKER, LLP**<br>150 East 42nd Street<br>New York, New York 10017-5639<br>Attorneys for Defendants<br>Wilson, Elser, Moskowitz, Edelman<br>& Dicker, LLP; Alexander Betke, II, Esq.;<br>Alissa Yohey; Esq.; Peter Lauricella, Esq. | ANASTASIOS P. TONOREZOS, ESQ. |

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

In a complaint dated March 8, 2013, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, alleging various violations of his constitutional rights. On August 30, 2013 and September 30, 2013, Defendants moved to dismiss pursuant to Rules 12(b)(6) and 12(b)(5) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 12, 17, 20. After his response deadline had already expired, Plaintiff requested an extension of time to respond

until January 3, 2013, which the Court granted. *See* Dkt. Nos. 24, 25. Despite being granted this extension, Plaintiff has still failed to respond to the pending motions.

Currently before the Court are Defendants' unopposed motions to dismiss Plaintiff's complaint.

## II. BACKGROUND

In this action, Plaintiff alleges that the Village of Saugerties and certain officials and employees, William Murphy, Robert Yerick, Kelly Myers, Vince Buono, Patrick Landewe, Don Hackett, Mary Frank, Alexander Wade, and Eyal Saad (collectively referred to as the "Village Defendants"), conspired with Defendants County of Ulster, Paul Van Blarcum, Donald Ryan, and Laura Romano (the "County Defendants") and the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP – the Village's counsel – to deprive him of his real property by commencing and prosecuting a special proceeding against him seeking the demolition of an unsafe and dangerous structure situated on certain real property located at 51 Livingston Street in the Village of Saugerties that, at the time, was owned by Plaintiff. *See* Dkt. No. 1 at ¶¶ 29-33.

Plaintiff is a resident of Brooklyn, New York, and the former owner of real property located at 51 Livingston Street in the Village of Saugerties, County of Ulster. *See* Dkt. No. 1 at ¶ 5. Plaintiff alleges that in March of 2007, the Village commenced a special proceeding against him in New York State Supreme Court, Ulster County, seeking relief permitting it to demolish the structure situated on the real property located at 51 Livingston Street. *See id.* at ¶ 33. The verified petition in the underlying state-court proceeding sought the demolition of the aforesaid structure because it was allegedly unsafe and dangerous.

Although somewhat unclear, Plaintiff appears to allege that Defendants Saad and Wade submitted affidavits in support of the Village's verified petition that omitted various facts that Plaintiff believes should have been included. *See id.* at ¶¶ 34-81. Plaintiff further appears to disagree with conclusions and findings set forth in those affidavits, including their interpretation of the New York State Property Maintenance Code and the Village Zoning Code. *See id.* Plaintiff also claims that Defendant Saad submitted "false" affidavits in support of two contempt motions made by the Village. *See id.* at ¶¶ 82-85. Moreover, Plaintiff alleges that Defendant Meyers admitted in a letter to the state court that she "illegally enter[ed] the Subject-property and conduct[ed] therein unreasonable search in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution." *Id.* at ¶ 85. Plaintiff also alleges that Defendant Saad and Village's counsel – the Wilson Elser Defendants – "engaged in the obstruction" of the hearing held in the underlying special proceeding. *See id.* at ¶ 97.

As to the County Defendants, Plaintiff alleges that they conspired with the Village Defendants to transfer his property to the Village without providing notice of the auction sale. *See id.* at ¶ 32.

### III. DISCUSSION

**A.     Standard of review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493

F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must

5

continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002).

**B.     42 U.S.C. § 1983**

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983). Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, *reh. denied*, 445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)). As such, for a plaintiff to recover in a section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)) (other citation omitted).

**C.     *Rooker-Feldman doctrine***

"The *Rooker-Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998) (citation omitted). "Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment." *Id.*

6

In *Exxon Mobil*, the Supreme Court held that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp., v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon Mobile*, the Second Circuit has held that "there are four 'requirements' that must be met before the *Rooker-Feldman* doctrine applies." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (citation omitted).

> "First, the federal court plaintiff must have lost in state court. Second, the plaintiff must 'complain[ ] of injuries caused by [a] state-court judgment [.]' Third, the plaintiff must 'invite district court review and rejection of [that] judgment[ ].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced' - i.e., *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation."

*Green*, 585 F.3d at 101 (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)). "The first and fourth requirements 'may be loosely termed procedural,' while the second and third requirements 'may be termed substantive.'" *Id.*

Defendants argue that the Court must dismiss Plaintiff's complaint because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The Court agrees with Defendants that many of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Specifically, any claims which would call into question the validity of any state-court judgment entered against Plaintiff. *See Crestview Village Apartments v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 556 (7th Cir. 2004) (holding that "[a] finding by the district court that defendants did, as Crestview alleges, conspire to bring unsubstantiated lawsuits would undermine the state court's implicit holding that the state action was justified") (citation omitted); *see also Shooting Point v.*

*Cumming*, 368 F.3d 379, 384 (4th Cir. 2004) (finding that *Rooker–Feldman* precluded jurisdiction over plaintiff's claim that state transportation regulations were selectively enforced against the plaintiff, as a "district court finding of selective enforcement . . . would clearly contravene the state court's [implicit] judgment" that the plaintiff was "properly subject to the [ ] regulations"); *Garry v. Geils*, 82 F.3d 1362, 1368 (7th Cir. 1996) (finding the plaintiffs' claim that the defendants brought a state condemnation action against them due to political retaliation barred by *Rooker–Feldman*, as "the injury alleged was only complete when the state court actually condemned the property"). Although many of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, due to the sparse facts and conclusory nature of the claims, the Court cannot hold that all of Plaintiff's alleged claims are barred by the *Rooker-Feldman* doctrine. As such, the Court will address the merits of the claims.

**D.     Equal Protection**

The Equal Protection Clause requires the government to treat all similarly situated people alike. *See Harlen Assocs. v. Incorporated Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985)). A plaintiff may proceed under the Equal Protection Clause as either a "class of one," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (*per curiam*) (citations omitted), or under the theory of "selective enforcement," *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (citation omitted).

The Second Circuit has "described selective enforcement as a 'murky corner of equal protection law in which there are surprisingly few cases.'" *Diesel*, 232 F.3d at 103 (quoting *LeClair v. Saunders*, 627 F.2d 606, 608 (2d Cir. 1980)). Nevertheless, it is well settled that a

8

plaintiff must meet a two-pronged test in order to successfully demonstrate selective enforcement under the Fourteenth Amendment. *See Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 790 (2d Cir. 2007) (quotation omitted). "[T]o succeed on a 'selective enforcement claim,' a plaintiff must show: '(1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Sebold v. City of Middletown*, No. 3:05-CV-1205, 2007 WL 2782527, *26 (D. Conn. Sept. 21, 2007) (quotation omitted); *see also Cine SK8*, 507 F.3d at 790 (quotation omitted); *Church of the Am. Knights of the Ku Klux Klan v. Kerik*, 356 F.3d 197, 210 (2d Cir. 2004) (holding that "[a] selective enforcement claim requires, as a threshold matter, a showing that the plaintiff was treated differently compared to others similarly situated"). In particular, a "plaintiff must present evidence comparing [him]self to individuals that are 'similarly situated in all material respects.'" *Sebold*, 2007 WL 2782527, at *26 (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)).

To prevail on a "class of one" equal protection theory, a plaintiff must show that the defendant "intentionally treated [him] differently from others similarly situated and that there is no rational basis for the difference in treatment." *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005), *overruled on other grounds*, *Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)).[1] The plaintiff's burden on a "class of one" claim is "extremely high," and a plaintiff

---

[1] The Court notes that *Neilson* involved the application of the class-of-one equal protection theory in the public employment context. Subsequent to the decision in *Neilson*, however, the Supreme Court explicitly held that "the class-of-one theory of equal protection does not apply in the public employment context." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 595 (2008). Thus, the Second Circuit "overrule[d] [*Neilson*] . . . to the extent that it conflicts with the holding

9

cannot prevail absent a *prima facie* showing that he is "identical in all relevant respects" to the individuals with whom he compares himself. *Id.* (citation omitted). Specifically, the plaintiff must establish that

> "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake."

*Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quotation and footnote omitted).

In the present matter, the Court finds that Plaintiff has failed to allege a plausible claim under either Equal Protection theory. Plaintiff does not allege that, compared with other similarly situated persons, he was selectively treated. In fact, Plaintiff fails to allege any comparators. Further, Plaintiff fails to allege that any alleged selective treatment was based upon impermissible considerations such as race, religion, or an intent to inhibit or punish the exercise of constitutional rights, or based upon a malicious or bad faith intent to injure him.

Based on the foregoing, the Court grants Defendants' motions to dismiss as to Plaintiff's Equal Protection claims.

**E.     Illegal search**

Regarding his illegal search claim, Plaintiff alleges that the Village Defendants "illegally enter[ed] upon his property[.]" Dkt. No. 1 at ¶ 30. Further, he claims that, in a March 8, 2010

---

of *Engquist*." *Appel v. Spiridon*, 531 F.3d 138, 139-40 (2d Cir. 2008). Nevertheless, the Second Circuit's discussion in *Neilson* regarding the level of similarity necessary to support a class-of-one equal protection claim has not been overruled. *See Smith v. Fischer*, No. 9:07-CV-1264, 2009 WL 632890, *10 n.30 (N.D.N.Y. Feb. 02, 2009) (quotation and other citations omitted).

letter, Defendants Myers and Saad "admitted illegally entering the [s]ubject-property and conducting therein unreasonable search in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution." *Id.* at ¶ 85. Finally, Plaintiff alleges that "Defendants Myers and Saad jointly and severally, in their individual capacities, under color of law as Village of Saugerties officers, violated plaintiff's clearly established right to be free from unreasonable searches under the Fourth and Fourteenth Amendments to the United States Constitution, protected through 42 U.S.C. § 1983." *Id.* at ¶ 119.

The Fourth Amendment protects individuals in their homes "against unreasonable searches and seizures." U.S. Const. amend. IV. "A warrantless search is 'per se unreasonable . . . subject to only a few specifically established and well-delineated exceptions.'" *United States v. Elliott*, 50 F.3d 180, 185 (2d Cir. 1996) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973)).

It is firmly established that the Fourth Amendment only proscribes unreasonable searches and seizures. *See Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 619 (1989) (citations omitted). The permissibility of a search "'is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests.'" *Id.* (quotation and other citation omitted).

In *Ruggiero v. Krzeminski*, the Second Circuit held that although a search conducted without a warrant is

> presumptively unreasonable . . . [t]he operation of this presumption . . . cannot serve to place on the defendant the burden of proving that the official action was reasonable. Rather, the presumption may cast upon the defendant the duty of producing evidence of consent or search incident to an arrest or other exceptions to the warrant requirement. However, the ultimate risk of nonpersuasion must remain squarely on the plaintiff in accordance with established principles governing civil trials.

11

*Ruggiero v. Krzeminski*, 928 F.2d 558, 563 (2d Cir. 1991) (internal and other citations omitted).

In the present matter, the Court finds that Plaintiff's allegations regarding illegal search are entirely conclusory and insufficient to plead a plausible cause of action. Plaintiff merely alleges that Defendants Myers and Saad conducted an unreasonable search, but fails to support this assertion with any supporting factual allegations. *See First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994); *see also Cannon v. Wood*, No. 9:10-cv-1332, 2011 WL 7071100, *7 (N.D.N.Y. Aug. 12, 2011) (dismissing the plaintiff's illegal search claim where the plaintiff merely "states in a conclusory fashion that he was subjected to an illegal search" and the complaint was "devoid of any factual allegations to support this claim").

Based on the foregoing, the Court grants Defendants' motions to dismiss as to Plaintiff's illegal search claim.

**F.     Due Process**

Plaintiff alleges that, "[a]s a result of the misconduct by the Defendants Plaintiff has been deprived of his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983." Dkt. No. 1 at ¶ 115. Although not addressed by Defendants, the Court believes that, liberally construed, Plaintiff may be attempting to allege a due process claim.

In order to prevail on a Fourteenth Amendment procedural due process claim pursuant to 42 U.S.C. § 1983, "the plaintiff must show (1) that he possessed a protected liberty or property interest; and (2) that he was deprived of that interest without due process." *Rehman v. State Univ. of N.Y. at Stony Brook*, 596 F. Supp. 2d 643, 656 (E.D.N.Y. 2009) (citing *McMenemy v. City of Rochester*, 241 F.3d 279, 285-86 (2d Cir. 2001)). "Property rights arise from '"an independent

source such as state law," [with] federal constitutional law determin[ing] whether that interest rises to the level of a "legitimate claim of entitlement" protected by the Due Process Clause.'" *Pichen v. City of Auburn, N.Y.*, 728 F. Supp. 2d 192, 198 (N.D.N.Y. 2010) (quotation and other citation omitted). The essential principle of procedural due process is that a deprivation of life, liberty or property should be preceded by notice and an opportunity for a hearing appropriate to the nature of the case. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citation omitted). However, "[w]here there is a meaningful postdeprivation remedy, there is no due process violation." *Gudema v. Nassau County*, 163 F.3d 717, 724 (2d Cir. 1998) (citation omitted).

Assuming that Plaintiff has sufficiently pled that he has a protected property interest, he has failed to plausibly allege that he was deprived of that interest without due process. Plaintiff's complaint primarily concerns court proceedings between himself and the Village Defendants, instituted against him in the Ulster County Supreme Court. *See* Dkt. No. 1 at ¶¶ 33-85. Plaintiff had the ability to challenge any decisions reached by the Supreme Court through an appeal to the Appellate Division. As such, Plaintiff had available to him a post-deprivation remedy. *See De Asis v. New York City Police Dept.*, 352 Fed. Appx. 517, 518-19 (2d Cir. 2009) (dismissing the plaintiff's due process claim because "a post-deprivation remedy was available, in the form of an Article 78 mandamus proceeding") (citing *New York State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 168 (2d Cir. 2001)). Further, Plaintiff's allegations make clear that he had notice of the pending action and that Plaintiff was in constant communication with Defendants during the pendency of the action. *See* Dkt. No. 1 at ¶¶ 33-85. As such, Plaintiff was provided with notice of the pending action and afforded an opportunity to respond with any objections he had. *See*

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ("The essential requirements of due process . . . are notice and an opportunity to respond").

Based on the foregoing, the Court finds that Plaintiff has failed to allege a plausible due process claim; and, therefore, the Court *sua sponte* dismisses Plaintiff's complaint to the extent that he has attempted to allege such a due process claim.

**F.     Conspiracy claims**

To sustain a cause of action for conspiracy to violate a plaintiff's civil rights under section 1985(3), a plaintiff must allege and demonstrate that defendants acted with racial or other class-based animus in conspiring to deprive the plaintiff of his equal protection of the laws, or of equal privileges and immunities secured by law. *See United Bhd. of Carpenters & Joiners, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 834-39 (1983); *see also Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) (citation omitted). A plaintiff asserting a claim under section 1985(3) need not necessarily offer proof of an explicit agreement; a conspiracy can be evidenced circumstantially, through a showing that the parties had a "'tacit understanding to carry out the prohibited conduct.'" *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 427 (2d Cir. 1995) (quoting *United State v. Rubin*, 844 F.2d 979, 984 (2d Cir. 1988)) (other citations omitted). This notwithstanding, in order to properly plead such a claim, a plaintiff must make more than "conclusory, vague, or general allegations of conspiracy." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (citation omitted).

"'To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.'"

*Benitez v. Ham*, No. 9:04-CV-1159, 2009 WL 3486379, *18 (N.D.N.Y. Oct. 21, 2009) (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)). A violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right. *See Malsh v. Austin,* 901 F. Supp. 757, 763-64 (S.D.N.Y. 1995) (citation omitted). Thus, if a plaintiff cannot sufficiently allege a violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights. *See id.*; *see also Friends of Falun Gong v. Pacific Cultural Enterprise, Inc.*, 288 F. Supp. 2d 273, 279 (E.D.N.Y. 2003) (citations omitted); *Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) (citation omitted).

"A cause of action under § 1986 may be brought against anyone who had power to prevent or aid in a wrong actionable under Section 1985 and neglected to do so." *Amadasu v. Ngati*, No. 05CV2585, 2006 WL 842456, *7 (E.D.N.Y. Mar. 27, 2006) (citing *Mian*, 7 F.3d at 1088). "A 'plaintiff's failure to state a claim under Section 1985 is fatal to his Section 1986 claim.'" *Johnson v. Lynn-Caron*, No. 9:11-CV-0386, 2012 WL 3888175, *4 (N.D.N.Y. Sept. 7, 2012) (quotation omitted).

To withstand a motion to dismiss, the conspiracy claim must contain more than "'conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights[.]'" *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (quotation omitted); *Shabazz v. Pico*, 994 F. Supp. 460, 467 (S.D.N.Y. 1998) (holding that a mere allegation of conspiracy with no facts to support it cannot withstand a motion to dismiss). Specifically, the plaintiff must provide some factual basis supporting a "meeting of the minds," such as that the defendants "entered into an agreement, express or tacit, to achieve the unlawful end[;]" the plaintiff must also provide "some 'details of time and place and the alleged effects of the conspiracy.'" *Warren v.*

*Fischl*, 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).

To the extent that Plaintiff is attempting to allege a conspiracy under 42 U.S.C. § 1985, his claim must fail because he does not allege that Defendants acted with racial or other class based animus in an effort to deprive him of his constitutional rights. *See United Bhd. of Carpenters & Joiners, Local 610, AFL-CIO*, 463 U.S. at 834-39. Since Plaintiff has failed to allege a plausible claim under section 1985, his claim under section 1986 fails as well. *See Johnson*, 2012 WL 3888175, at *4 (quotation omitted). Similarly, Plaintiff's section 1983 conspiracy claim fails because he has failed to allege a plausible violation of any of his rights. *See Vega v. Artus*, 610 F. Sup. 2d 185, 202-03 (N.D.N.Y. 2009) (holding that "a Section 1983 conspiracy claim must not only allege a conspiracy, but the 'actual deprivation of constitutional rights.' 'Thus, if a plaintiff cannot sufficiently allege a violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights'") (quotation omitted). Finally, Plaintiff's conspiracy claims are supported by only conclusory and vague allegations of a conspiracy, which are insufficient to state a plausible claim. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that dismissal of "conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights" is proper); *see also Warren v. Fischl*, 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999) (finding that the plaintiff's allegations of conspiracy were insufficient despite specific claims of conspiracy to alter tapes and create illegal search warrants, as there was no basis for the assertion that the defendants actually conspired together to bring about these actions).

Based on the foregoing, the Court grants Defendants' motions to dismiss Plaintiff's conspiracy claims.

### G. Municipal Liability

Since Plaintiff failed to plead a plausible violation of his rights, the Court grants Defendants' motions to dismiss as to the municipal Defendants. *See Mallgren v. New York City*, No. 13-cv-724, 2014 WL 988838, *3 (E.D.N.Y. Mar. 12, 2014) (holding that a municipality can be liable under section 1983 only if a plaintiff can first show an underlying constitutional violation) (citation omitted).

### H. The Wilson Elser Defendants

Plaintiff's complaint makes clear that the Wilson Elser Defendants were acting in their positions as hired attorneys for the Village of Saugerties when the alleged violations occurred. Since the Wilson Elser Defendants were acting in a traditional manner, as counsel for the Village, Plaintiff has failed to allege that they were acting under color of state law. As such, the Court finds that, in the alternative, Plaintiff's complaint as to these Defendants must be dismissed. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (stating that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court"); *Rajapakse v. Baker Donelson Bearman Caldwell & Berkowitz, P.C.*, No. 13-cv-2328, 2013 3992523, *8 (W.D. Tenn. Aug. 5, 2013) (holding that "'attorneys do not become state actors by representing state or local governments'") (quotation omitted).

### I. Plaintiff's state-law claims

Application of supplemental jurisdiction is discretionary, and "it requires a balancing of the considerations of comity, fairness to the litigants, judicial economy, and the avoidance of

17

needless decisions of state law." *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir. 1979) (citation omitted). The Second Circuit has held that "'if [all] federal claims are dismissed before trial . . . the state claims should be dismissed as well.'" *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

Although not clear what state-law claims Plaintiff is attempting to allege, in his complaint he alleges that "[t]he supplemental jurisdiction of this court over Plaintiff's state law claims is established under 28 U.S.C. § 1367(a)." Dkt. No. 1 at ¶ 3. Since the Court has dismissed all of Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over their state-law claims and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**J.  Leave to amend**

It has long been "well-established that 'outright dismissal for reasons not going to the merits is viewed with disfavor in the federal courts.'" *Harrison v. Enventure Capital Group, Inc.*, 666 F. Supp. 473, 479 (W.D.N.Y. 1987) (quoting *Nagler v. Admiral Corporation*, 248 F.2d 319, 322 (2d Cir. 1957)). For this reason, "dismissals for insufficient pleadings are ordinarily with leave to replead." *Stern v. General Elec. Co.*, 924 F.2d 472, 477 (2d Cir. 1991). Leave to amend a pleading need not be granted, however, if it would be futile to do so. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) (citing *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995)).

In the present matter, the Court finds that Plaintiff's claims should be dismissed with prejudice. In addition to the *Rooker-Feldman* issues discussed above, it appears that most, if not all, of Plaintiff's claims are untimely under the applicable three-year statute of limitations.

Finally, this result is particularly appropriate in light of Plaintiff's failure to oppose Defendants' motion to dismiss. *See Banks v. No. 8932 Correctional Officer*, No. 11 Civ. 8359, 2013 WL 673883, *4 (S.D.N.Y. Feb. 25, 2013).[2]

Based on the foregoing, the Court dismisses Plaintiff's federal claims against all Defendants with prejudice.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motions to dismiss (Dkt. Nos. 12, 17, 20 and 26) are **GRANTED**; and the Court further

**ORDERS** that Plaintiff's federal claims are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's state-law claims are **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

---

[2] Although not addressed in this Memorandum-Decision and Order, the Court notes that the Wilson Elser Defendants claim that Plaintiff has brought five (5) lawsuits against them since 2008 regarding their legal representation of the Village of Saugerties. *See* Dkt. No. 19 at 7-9 and exhibits attached thereto. Plaintiff has apparently failed to prosecute several of those matters, resulting in their dismissal.

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 23, 2014
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge